## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY, | ) | |
| 2000 P Street NW, Suite 240 | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-402 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| U.S. DEPARTMENT OF AGRICULTURE | ) | |
| Natural Resources Conservation Service | ) | |
| 1400 Independence Avenue SW | ) | |
| Washington, DC 20250 | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, against the U.S. Department of Agriculture, Natural Resources Conservation Service ("NRCS") for failing to respond within the statutory deadline to Plaintiff's administrative FOIA appeal, which challenged NRCS's claim that certain FOIA exemptions enabled it to withhold particular responsive records and portions of records.

2. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

3.  Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state and local governments.

4.  Plaintiff submitted a FOIA request on June 25, 2014, (No. 2014-NRCS-04289-F), seeking records related to Defendant's efforts to conserve grasslands and wetlands in North Dakota, South Dakota, Minnesota, Iowa and Montana; collectively "the Prairie Pothole region."

5.  Defendant responded to Plaintiff's FOIA Request No. 2014-NRCS-04289-F on September 17, 2014, partially releasing responsive records.  Defendant withheld six documents, citing 5 U.S.C. § 522(b)(5).

6.  In a letter dated October 20, 2014, Plaintiff appealed Defendant's use of 5 U.S.C. § 552(b)(5) redactions. Plaintiff never received a decision on − or even an acknowledgement letter regarding − its appeal of Request No. 201-NRCS-04289-F.

7.  Defendant's failure to respond to Plaintiff's appeal within the statutory time period is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  This conduct frustrates the public's right to know about NRCS's efforts to conserve grasslands and wetlands in the Prairie Pothole Region, and the efficacy of its wetland protection programs.

8.  Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in its FOIA request, and other appropriate relief.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. 5 U.S.C. § 552(a)(4)(E) provides this Court authority to award costs and attorneys' fees.

## PARTIES

13. Plaintiff is a non-profit public interest organization, with its main office in Washington, D.C., and field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

15. Informing the public about important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media, its web site, www.peer.org, which draws between 1,000 and 10,000 viewers per day, and its newsletter, which has a circulation of approximately 20,000, including 1,500 environmental journalists.

16. Defendant Natural Resource Conservation Service, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1). Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

17. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## **FACTS**

18. Plaintiff's FOIA request, dated and submitted to Defendant on June 25, 2014 (Request No. 2014-NRCS-04289-F), specifically requested information about Defendant's efforts to conserve grasslands and wetlands in the Prairie Pothole Region including (1) any reviews completed on or after January 1, 2009 by NRCS staff or consultants on the performance or effectiveness of wetlands (both pothole and non-pothole) protection programs in the Prairie Pothole Region, which NRCS defines as the region of North Dakota, South Dakota, Minnesota, Iowa, and Montana; (2) any reviews completed on or after January 1, 2009 by NRCS staff or consultants on the performance of wetlands consultants conducting delineations in the Prairie Pothole Region; (3) copies of any guidance or directives NRCS has issued to wetlands consultants in the Prairie Pothole Region on or after January 1, 2009; and (4) the number of appeals that NRCS has filed concerning delineation of wetlands (both pothole and non-pothole) in the Prairie Pothole Region by year and by state from 2009 to present, as well as the outcome of those appeals.

19. Plaintiff plans to use the requested information to inform the public on how NRCS leadership protects grasslands and wetlands within the Prairie Pothole Region. The requested records will demonstrate whether NRCS is exercising sufficient oversight, monitoring its own performance in the program, and has the administrative tools needed to police against non-compliance.

20. On July 16, 2014, Defendant sent Plaintiff a letter acknowledging the request and assigned it request number 2014-NRCS-04289-F. This letter also indicated that NRCS assigned Plaintiff's request to the complex track, which takes a longer time to process. This letter was signed by Deryl L. Richardson, Jr., NRCS National FOIA/PA Officer.

21. In the month of July, e-mail communications between National FOIA Officer Deryl L. Richardson, Jr. and Plaintiff resulted in the agreement for Defendant to provide a consolidated response on behalf of the Prairie Pothole region rather than separate responses from the five individual Prairie Pothole states.

22. On September 17, 2014, Defendant responded to Plaintiff's FOIA Request No. 2014-NRCS-04289-F in a final release letter. The response stated that no records existed responsive to items # 2 and 4 above; PEER has no dispute with this portion of the response.  The response also provided documents responsive to items # 1 and 3, but the Defendant made numerous redactions, citing 5 U.S.C. §§ 552(b)(3), (5) and (b)(6).

23.  In regards to 5 U.S.C. § 552(b)(5) redactions, Defendant withheld the following six documents: (1) Food Security Act (FSA) Compliance Review 2012 Report (April 2013); (2) Final Oversight and Evaluation Report: North Central Wetlands Conservation Initiative (NCWCI) Combined Report Spring 2012 (March 18, 2013); (3) Final Oversight and Evaluation Report: Minnesota Onsite Review (April 16, 2014); (4) Final Oversight and Evaluation Report: Iowa Onsite Review (December 9, 2013); (5) Final Oversight and Evaluation Report: North Dakota Onsite Review (March 15, 2013); and (6) Final Oversight and Evaluation Report: South Dakota Onsite Review (October 28, 2013).

24. To justify the withholding of the above documents Defendant stated, "Information found within reports contains information pertaining to pre-decisional policy revisions currently under consideration, where no final decisions on changes to policy have been made."

25. Defendant also redacted entire sections and subsections from pages, as well as covering pages, with no apparent effort to separate non-exempt material from exempt material.

26. Plaintiff appealed these 5 U.S.C. § 552(b)(5) redactions in a letter dated October 20, 2014.

27. In its appeal, Plaintiff alleged that NRCS's use of the deliberative process privilege was improper, because the withheld documents are final reports from prior years assessing the compliance with wetlands and other soil conservation program provisions, and not pre-decisional documents. The reports do not reflect the "give-and-take of the agency consultative process," because the give-and-take on whether soil conservation compliance has occurred has already ended.

28. In its appeal, Plaintiff further alleged that Defendant failed to reasonably segregate non-exempt material from exempt material, as provided in 5 U.S.C. § 552(b).

29. Defendant has not acknowledged or responded to Plaintiff's FOIA appeal to Request No. 2014-NRCS-04289-F. Congress mandated that agencies respond to FOIA requests within 20 working days under 5 U.S.C. § 552(a)(6)(i). Over three months have passed since Plaintiff submitted its FOIA appeal to Defendant with no response.

30. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.  Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant's failure to respond to Plaintiff's appeal to Request No. 2014-NRCS-04289-F within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder, 7 C.F.R. §§ 1.1- 1.25.

**Violation of the Administrative Procedure Act**

33. Plaintiff incorporates the allegations in the preceding paragraphs.

34. Defendant's failure to respond to Plaintiff's appeal within the time frames mandated by the statute is an arbitrary and capricious action that violates the Administrative Procedure Act, 5 U.S.C. § 500 *et.seq*.

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests that this Court:

    i.    Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

    ii.    Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

    iii.    Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

    iv.    Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

    v.    Grant such additional and further relief to which Plaintiff may be entitled.

Dated: March 20, 2015

Respectfully submitted,

    /s/               

Paula Dinerstein, DC Bar # 333971

Public Employees for Environmental Responsibility

200 P Street, NW Suite 240

Washington, D.C. 20036

(202) 265-7337

*Attorney for Plaintiff*